## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: CONCRETE AND CEMENT ADDITIVES ANTITRUST LITIGATION<br><br>This Document Relates to All Actions. | Case No. 24-MD-3097 (LJL) |

## ~~[PROPOSED]~~ PROTECTIVE ORDER

LEWIS J. LIMAN, United States District Judge:

WHEREAS all of the parties to this Action (collectively, the "Parties," and each party individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or to a third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of such confidential documents or information, this Court finds good cause for issuance of an appropriately

tailored confidentiality order governing the pretrial phase of this Action,

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the Parties to this Action, their representatives, agents, experts, and consultants, all third parties providing discovery in this Action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms.

1.     **Scope of this Protective Order.** Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in the course of discovery in this Action) that is designated as "Confidential" or "Highly Confidential" pursuant to the terms of this Protective Order (hereinafter "Designated Discovery Material") shall not disclose such Designated Discovery Material to anyone else except as expressly permitted hereunder or otherwise ordered by the Court. Nothing in this Protective Order:

(a)     authorizes a Producing Party to withhold Discovery Material from production solely on the basis that it is Confidential or Highly Confidential; or

(b)     limits or waives a Producing Party's right to object to discovery on the basis that it would require the production of Discovery Material.

2.     **Designated Discovery Material Used for Class Certification, Summary Judgment, and Trial**. This Protective Order shall govern the handling of Designated Discovery Material until trial. In connection with the Final Pre-Trial Conference, the Parties shall meet and confer regarding the treatment of Designated Discovery Material at trial. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Designated Discovery Material introduced in evidence at trial or used to support or refute any

motion for class certification or motion for summary judgment, even if such Designated Discovery Material has previously been sealed or designated as Confidential in this Action.

3.    **Publicly Available Documents Not Eligible for Designation.** "Publicly Available Documents Not Eligible For Designation" includes Discovery Material used in this litigation by any Producing Party at a time when it was not designated as Confidential or Highly Confidential pursuant to this Protective Order (including without limitation, publicly filing the Discovery Material on CM/ECF or introducing the Discovery Material at a deposition) or documents or information disclosed to the public in connection with any investigation or proceeding brought or commenced by any governmental authority (*e.g.*, United States Department of Justice, European Commission, U.K. Competition and Markets Authority, etc.) shall not be eligible for designation under this Protective Order.

4.    **"Confidential" Defined.**

(a)    Any person producing "Confidential" Discovery Material, whether a Party or non-party to this litigation ("Producing Party"), may designate as "Confidential" Discovery Material that qualifies for protection under this Protective Order.

(b)    The Parties will make reasonable efforts to ensure that information or documents that are available to the public are not designated as Confidential.

(c)    The Producing Party may designate as Confidential such material (i) the public disclosure of which is either restricted by law or (ii) that contains non-public (*i.e.*, previously non-disclosed) information pertaining to the business, commercial, financial, or personal interests of the Producing Party

and/or third party to whom a duty of confidentiality is owed and that consists of the following:

(i)      material relating to ownership or control of any non-public company;

(ii)      business plans (including without limitation business strategies, strategic planning information), product development information (including without limitation intellectual property and research and development information), marketing plans, negotiation strategies or board of directors materials and presentations;

(iii)      information of a personal or intimate nature regarding any individual, the disclosure of which in this Action would be restricted by U.S. law, including without limitation (1) protected health information ("PHI") subject to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and (2) personally identifiable information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft);

(iv)      tax information (including income tax returns and attached schedules and forms, W-2 forms and 1099 forms);

(v)      personnel or employment records of a person who is not a Party to the case; or

(vi)      any other Discovery Material that the Producing Party may request warrants Confidential Treatment, provided that the Producing Party

will serve upon the Receiving Party a notice stating with particularity the grounds for the request, and if the parties cannot reach agreement promptly, the parties will address the dispute to the Court in accordance with the rules or individual practices of the Judge hearing the dispute.

5.    **"Highly Confidential" Defined.**

(a)    The Producing Party may designate as "Highly Confidential" Discovery Material that qualifies for protection under this Protective Order.

(b)    Information or documents that have been disclosed to the public by the Producing Party may not be designated as Highly Confidential.

(c)    The Producing Party may designate as Highly Confidential such material (i) the public disclosure of which is restricted by law or (ii) that is non-public (*i.e.*, previously non-disclosed) and the public disclosure of which will cause material harm to the business, commercial, financial, or personal interests of the Producing Party and/or third party to whom a duty of confidentiality is owed and that consists of the following:

(i)    material relating to trade secrets, proprietary software, systems, or processes (including without limitation manufacturing know-how or technology);

(ii)    financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sales margins) that remains competitively sensitive;

(iii) projections or plans regarding performance, budgets, production, output, sales, marketing, distribution practices, or research and development that remains competitively sensitive;

(iv) customer lists or information that remains competitively sensitive;

(v) margin, cost, and pricing information (*e.g.*, transactional data), that is competitively sensitive;

(vi) information of a personal or intimate nature regarding any individual that is subject to foreign (*i.e.*, non-US) data protection laws or other foreign privacy obligations ("Foreign Private Data," or "FPD), including without limitation, the General Data Protection Regulation 2016/679 ("GDPR"); or

(vii) any other Discovery Material that the Producing Party may request warrants Highly Confidential Treatment, provided that the Producing Party will serve upon the Receiving Party a notice stating with particularity the grounds for the request, and if the parties cannot reach agreement promptly, the parties will address the dispute to the Court in accordance with the rules or individual practices of the Judge hearing the dispute.

6. **Designation of Documents.** The Parties will follow the processes for designating documents as Confidential and Highly Confidential laid out in the Order Regarding the Discovery of Electronically Stored Information and Hard Copy Documents and Federal Rule of Evidence 502(d) (hereinafter, the "ESI Order").

7. **Designation of Deposition Transcripts.** With respect to deposition transcripts, a

Producing Party (or their counsel of record) may designate a portion as Confidential or Highly Confidential, as authorized under this Protective Order, either by (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential information; or (b) notifying the reporter and all counsel of record, in writing, within thirty (30) days after receipt of the final transcript (or such other time as may be agreed to in writing by the Parties), of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated as Confidential or Highly Confidential, in which case all counsel receiving the transcript will be responsible for making the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the Producing Party (or their counsel of record). During this 30-day period, the entire deposition transcript will be treated as if it has been designated Confidential.

8.      **Designation After Production.** If, at any time prior to the trial of this Action, a Producing Party determines that Discovery Material was inadvertently produced without being designated as Confidential or Highly Confidential, that Party may designate it as such by  apprising all prior recipients of the Discovery Material in writing within seven (7) days of identifying such inadvertent disclosure; complying with the provisions of Paragraphs 2 or 3 and this Order, as appropriate; and complying with the ESI Order.

9.      **Use of Designated Discovery Material.** Any recipient of any Designated Discovery Material may use such Designated Discovery Material solely for the prosecution and defense of this Action and any appeals thereto, and specifically (and by way of example and not limitation) may not use Designated Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this Action.

Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently and not through or pursuant to the Federal Rules of Civil Procedure.

10.     **Standard of Care for Designated Discovery Material.** Each person who has access to Designated Discovery Material shall take all due precautions to prevent its unauthorized or inadvertent disclosure.

11.     **Disclosure of Confidential Discovery Material.** No person subject to this Protective Order, other than the Producing Party, shall disclose any of the Discovery Material designated by a Producing Party as Confidential to any person, except the following:

(a)     The Parties to this Action, including the current or former employees of a Party and any person designated by a Party to testify as a Rule 30(b)(6) witness in this litigation;

(b)     as to any document and only to the extent not otherwise permitted by Paragraph 11(a):

(i)     its author and its addressee(s);

(ii)     any person indicated on the face of the document as having received a copy;

(iii)     any other person mentioned or referred to therein; or

(iv)     any witness who a Party's counsel in good faith believes reviewed or had personal knowledge of the subject matter of the document;

(c)     the Parties' insurers and counsel to their insurers, provided such insurer or counsel to insurer executed a Non-Disclosure Agreement (Attachment A);

(d)     counsel retained specifically for this Action, including any paralegal,

clerical, or other assistant employed by such counsel and assigned to this matter ("Outside Counsel");

(e)     in-house counsel for the Parties (or in-house counsel for the Parties' affiliates), including any paralegal, clerical, or other assistant employed by such counsel and assigned to this matter ("In-House Counsel");

(f)     outside vendors or service providers (such as copy-service providers, document-review providers, eDiscovery providers and consultants, document-management consultants, graphic production service providers, or other litigation support service providers) that a Party or Outside Counsel hire and assign to this matter, including computer service personnel performing duties in relation to a document-review system or eDiscovery platform, provided such vendor or provider has first executed a Non-Disclosure Agreement (Attachment A);

(g)     any mediator, arbitrator, or special master that the Parties engage or that this Court appoints in this Action, provided such person has first executed a Non-Disclosure Agreement (Attachment A);

(h)     any person retained by a Party or Outside Counsel to serve as an expert witness or otherwise provide specialized advice to Outside Counsel in connection with this Action, including their staff, provided such person has first executed a Non-Disclosure Agreement (Attachment A);

(i)     stenographers engaged to transcribe depositions conducted in this Action;

(j)     this Court, including any appellate court, and the court reporters and support personnel for the same; and

(k)     other persons agreed to in writing by the Producing Party, but such consent shall not be unreasonably withheld, or upon order of the Court and on such conditions as may be agreed or ordered.

12.    **Disclosure of Highly Confidential Discovery Material.** No person subject to this Protective Order, other than the Producing Party, shall disclose any of the Discovery Material designated by a Producing Party as Highly Confidential to any person, except the following:

(a)     The individuals identified in Paragraph 11(c), (d), and (f) through (k);

(b)     the Producing Party's current or former employees, directors, or agents, including any person designated as a Rule 30(b)(6) witness on behalf of the Producing Party;

(c)     as to any document and only to the extent not otherwise permitted by Paragraph 12(a) or 12(b):

(i)      its author and its addressee(s);

(ii)     any person indicated on the face of the document as having received a copy;

(iii)    any other person mentioned or referred to therein; or

(iv)     any witness who a Party's counsel in good faith believes reviewed or had personal knowledge of the subject matter of the document.

13.    **Non-Disclosure Agreements.** Prior to any disclosure of any Designated Discovery Material to any person required to execute a Non-Disclosure Agreement under this Protective Order, such person shall be provided by counsel with a copy of this Order and shall sign a Non-Disclosure Agreement in the form annexed as Attachment A hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-

Disclosure Agreement, maintain such signed Non-Disclosure Agreement, and produce it to opposing counsel upon request.

14.    **Filing of Designated Discovery Material.** In filing with this Court any Discovery Material that has been designated as Confidential or Highly Confidential in this Action, the Parties will follow the Procedure for Sealed or Redacted Filings set forth in Attachment A to this Court's Individual Practices in Civil Cases (effective July 1, 2024). All persons producing Confidential or Highly Confidential Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford Confidential or Highly Confidential treatment to any Designated Discovery Material submitted to the Court or presented in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court unless the Court is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation pursuant to this Protective Order, there is no presumption that Designated Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

15.    **Challenging Confidentiality Designations**. A Party challenging the designation of Confidential or Highly Confidential must do so in good faith and must begin the process by conferring directly with counsel for the Producing Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Producing Party an opportunity to review the designated Document, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The Producing Party must respond to the challenge within five (5) business days of the meet and confer. If the parties are unable to resolve the challenge through the meet and confer process, a Party that elects

to challenge a confidentiality designation may (i) seek informal dispute resolution with the Court if such process can be mutually agreed upon with the Producing Party; or (ii) file and serve a letter motion in a manner that comports with Local Civil Rules 5.2(b) and the rules or individual practices of the Judge hearing the dispute. The letter motion will identify the challenged Designated Discovery Material and set forth the basis for the challenge. The burden of persuasion in any such challenge proceeding shall be on the Producing Party, who shall have the right to respond to any letter motion filed by a challenging Party, consistent with the applicable rules of the Court. Until the Court rules on the challenge, all Parties shall continue to treat the Discovery Material as Confidential or Highly Confidential under the terms of this Order. As such, any motion challenging a confidentiality designation must not publicly file the Documents with contested designations nor describe them in a manner that would reveal Confidential or Highly Confidential information. Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make orders concerning the disclosure of Discovery Material produced in discovery or at trial.

16.    **Notice to Third Parties Owed a Duty of Confidentiality.** A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. As soon as practicable after discovering such a confidentiality obligation, but no later than five (5) business days after such discovery, the Party subject to such an obligation shall notify the third party of the request and shall inform the third party that he, she, or it may seek a protective order or other relief from this Court. If neither the third party nor the Party seeks a protective order or other relief from this Court within twenty-one (21) days of receipt of such notice, the Party shall produce the information responsive to the discovery request in the normal course of its production schedule but may affix the appropriate confidentiality designation

in accordance with this Protective Order.

17.    **Disclosure of Confidential Discovery Material in Response to a Subpoena or Other Compulsory Process.** Nothing in this Protective Order will prevent any person from producing any Designated Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce it by law or by any government agency having jurisdiction; provided, however, that the recipient of such a request will provide written notice to the Producing Party before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least ten (10) days before disclosure. Upon receiving such notice, the Producing Party will have the right to oppose the recipient's compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

18.    **Redaction of Information in Discovery Material.** A Producing Party may redact from Discovery Material PHI, PII, or FPD, subject to the following limitations:

(a)    Any redactions to PHI, PII, or FPD will be made in the manner set forth in the ESI Order;

(b)    After redactions are made to PHI, PII, or FPD, the Receiving Party may challenge any redactions;

(c)    Before a Producing Party may redact FPD, including FPD that is redactable under Paragraph 18(d):

(i)    the Producing Party shall notify the other Parties of its intent to redact FPD from Discovery Material, concurrent with which it will also provide to the Parties (1) the specific categories of information that the Producing Party is seeking to redact; (2) on a category-by-

category basis, the approximate volume of Discovery Material that the Producing Party expects to redact at the time of notice; (3) on a category-by-category basis, the specific law(s) under which the Producing Party is seeking to make such redactions; and (4) other authorities that support its request; and

(ii)    the Parties shall thereafter meet and confer in good faith to reach agreement on the Producing Party's proposed redactions of FPD, failing which the Producing Party must file a Motion for Protective Order with the Court requesting permission to make such redactions;

(d)    Notwithstanding the foregoing, and without waiver of any Party's arguments regarding its obligations, if any, under the GDPR or the UK's Data Protection Act of 2018 ("UK GDPR"), absent an order from this Court, the following categories of information shall not be redacted on the basis of either statute if relevant to the subject matter of the litigation:

(i)    names;

(ii)    email addresses;

(iii)    phone numbers (either landline or cellular);

(iv)    physical corporate business address(es);

(v)    business titles;

(vi)    job descriptions or functions;

(vii)    dates, times, locations, participants, and subject matter of meetings (whether in person, telephonic, virtual, or otherwise); and

(viii)   metadata reflecting (i)-(vii), if any;

(e)    The Producing Party will not contend that the burden of applying redactions renders the requested discovery disproportionate to the needs of the case or otherwise shields Discovery Material from discovery.

19.    **Protection of PHI, PII, and FPD.** Any PHI, PII, or FPD exchanged in discovery in this Action shall be maintained by the Receiving Party in a manner that is secure and confidential. In the event the Party receiving PHI, PII, or FPD experiences a data breach, the Receiving Party shall promptly notify the Producing Party of such data breach and cooperate with the Producing Party in good faith to address and remedy the breach. Nothing herein shall preclude the Producing Party from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the Receiving Party's failure to appropriately protect PHI, PII, or FPD from unauthorized disclosure.

20.    **Unauthorized Disclosure of Confidential or Highly Confidential Discovery Material:** If a Receiving Party learns that any person in any circumstance not authorized under this Protective Order has obtained Designated Discovery Material, the Receiving Party must promptly notify the Producing Party in writing and use its best efforts to retrieve all unauthorized copies of the Protected Material. In addition, and if feasible, the Receiving Party must use its best efforts to promptly obtain the signatures of such persons to the Non-Disclosure Agreement (Attachment A), the execution of which will be retroactively binding on the person who obtained Designated Confidential Material.

21.    **Duration of this Protective Order.** This Protective Order shall survive the termination of this litigation. Within thirty (30) days of the final disposition of this Action, all Designated Discovery Material, and all copies thereof, shall be promptly returned to the Producing

Party or destroyed. However, Outside Counsel for any party shall be entitled to retain all court papers, trial transcripts, exhibits, and attorney work product provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

22.     **Violations.** All persons subject to this Protective Order acknowledge that willful violation of any term of this Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED

DATED:     December 23     , 2024
New York, New York

LEWIS J. LIMAN
United States District Judge

16

*/s/ Robert N. Kaplan*

Robert N. Kaplan
Matthew P. McCahill
Chang Hahn
**KAPLAN FOX & KILSHEIMER, LLP**
800 Third Avenue, 38th Floor
New York, NY 10022
Tel: (212) 687-1980
rkaplan@kaplanfox.com
mmccahill@kaplanfox.com
chahn@kaplanfox.com

Michael J. Flannery
**CUNEO GILBERT & LADUCA, LLP**
Two City Place Drive, Suite 200
St. Louis, MO 63141
Tel: (314) 226-1015
mflannery@cuneolaw.com

Evelyn Riley
Melissa Morgans
Cody McCracken
Christian Hudson
**CUNEO GILBERT & LADUCA, LLP**
2445 M Street NW, Suite 740
Washington, DC 20037
Tel: (202) 789-3960
evelyn@cuneolaw.com
lmorgans@cuneolaw.com
cmccracken@cuneolaw.com
christian@cuneolaw.com

Heidi M. Silton
Jessica N. Servais
Joseph C. Bourne
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Tel: (612) 339-6900
hmsilton@locklaw.com
jnservais@locklaw.com
jcbourne@locklaw.com

*Interim Co-Lead Counsel for the*
*Proposed Indirect Purchaser Classes*

*/s/ Nathaniel C. Giddings*

Nathaniel C. Giddings
**HAUSFELD LLP**
888 16th Street NW, Suite 300
Tel: (202) 540-7200
Fax: (202) 540-7201
ngiddings@hausfeld.com

Jeannine Kenney
**HAUSFELD LLP**
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
Tel: (215) 985-3270
Fax: (215) 985-3271
jkenney@hausfeld.com

Scott Martin
**HAUSFELD LLP**
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322
smartin@hausfeld.com

Michael P. Lehmann
Emma Blake
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 633-4980
mlehmann@hausfeld.com
eblake@hausfeld.com

*Interim Lead Class Counsel for*
*the Direct Purchaser Class*

Eric L. Cramer
Candice J. Enders
Patrick F. Madden
Michaela L. Wallin
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000

ecramer@bm.net
cenders@bm.net
pmadden@bm.net
mwallin@bm.net

Daniel E. Gustafson
Daniel C. Hedlund
Michelle J. Looby
Matt Jacobs
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 So. Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
mjacobs@gustafsongluek.com

Michael L. Roberts
Erich P. Schork
Sarah E. DeLoach
**ROBERTS LAW FIRM US, PC**
1920 McKinney Ave, Suite 700
Dallas, Texas 75201
Tel: (501) 821-5575
Fax: (501) 821-4474
mikeroberts@robertslawfirm.us
erichschork@robertslawfirm.us
sarahdeloach@robertslawfirm.us

*Interim Executive Committee for*
*the Direct Purchaser Class*

/s/    *Mark H. Hamer*

Mark H. Hamer (*pro hac vice*)
Mark G. Weiss (*pro hac vice*)
Ashley B. Eickhof (*pro hac vice*)
**BAKER MCKENZIE LLP**
815 Connecticut Avenue NW
Washington, DC 20006
Tel: (202) 452-7000
mark.hamer@bakermckenzie.com
mark.weiss@bakermckenzie.com
ashley.eickhof@bakermckenzie.com

*Counsel for Defendants Sika Corporation
and Sika AG*

/s/    *Daniel E. Laytin*

Daniel E. Laytin (*pro hac vice*)
Christa C. Cottrell (*pro hac vice*)
Anne I. Salomon (*pro hac vice*)
**KIRKLAND & ELLIS**
333 West Wolf Point Plaza
Chicago, IL 60654
Tel: (312) 862-2000
daniel.laytin@kirkland.com
ccottrell@kirkland.com
anne.salomon@kirkland.com

*Counsel for Defendants Cinven Ltd., Cinven,
Inc., Master Builders Solutions Admixtures US,
LLC, and Master Builders Solutions
Deutschland GmbH*

/s/    *Marguerite M. Sullivan*

Marguerite M. Sullivan
Jennifer L. Giordano
**LATHAM & WATKINS LLP**
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
marguerite.sullivan@lw.com
jennifer.giordano@lw.com

Elizabeth B. Prewitt
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (202) 906-1200
elizabeth.prewitt@lw.com

*Counsel for Defendants Compagnie de
Saint-Gobain, S.A., Saint-Gobain
Corporation, Chryso S.A.S., Chryso, Inc.,
and GCP Applied Technologies, Inc.*

/s/    *Shylah R. Alfonso*

Shylah R. Alfonso (*pro hac vice*)
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
Tel: (206) 359-8000
salfonso@perkinscoie.com

Shari A. Brandt
**PERKINS COIE LLP**
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036
Tel: (212) 262-6900
sbrandt@perkinscoie.com

*Counsel for Defendants Mapei Corporation,
Emme Esse Vi S.r.l., and Mapei S.p.A.*

/s/ _Andrew S. Marovitz_
Andrew S. Marovitz (*pro hac vice*)
**MAYER BROWN LLP**
71 South Wacker Drive
Chicago, IL 60606
Tel: (312) 782-0600
amarovitz@mayerbrown.com

Rachel J. Lamorte
**MAYER BROWN LLP**
1999 K Street, NW
Washington, DC 20006
Tel: (202) 263-3262
rlamorte@mayerbrown.com

*Counsel for Defendant BASF Corporation*

/s/ _Abram Ellis_
Abram Ellis
**SIMPSON THATCHER & BARTLETT LLP**
900 G Street, NW
Washington, D.C. 20001
Tel: (202) 636-5579
aellis@stblaw.com

Peter Guryan
**SIMPSON THACHER & BARTLETT LLP**
425 Lexington Avenue
New York, NY 10017
Tel: (212) 455-2000
peter.guryan@stblaw.com

*Counsel for Defendants RPM International Inc.
and The Euclid Chemical Company*

**ATTACHMENT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: CONCRETE AND CEMENT ADDITIVES ANTITRUST LITIGATION<br><br>This Document Relates to All Actions. | Case No. 24-MD-3097 (LJL) |

**NON-DISCLOSURE AGREEMENT**

LEWIS J. LIMAN, United States District Judge:

I, _____, acknowledge that I have read and understand the

Protective Order governing the non-disclosure of those portions of Discovery Material that have

been designated as Confidential or Highly Confidential in this Action ("Designated Discovery

Material"). I agree that I will not disclose such Designated Discovery Material to anyone other

than for purposes of this litigation and that at the conclusion of the litigation I will either return

all discovery information to the party or attorney from whom I received it or, upon permission of

that party or attorney, destroy such information. By acknowledging these obligations under the

Protective Order, I understand that I am submitting myself to the jurisdiction of the United States

District Court for the Southern District of New York for the purpose of any issue or dispute

arising hereunder and that my willful violation of any term of the Protective Order could subject

me to punishment for contempt of Court.


Dated: _____

_____