# HAUSFELD

July 17, 2025

**VIA ECF**

Jeannine M. Kenney
Partner
325 Chestnut Street
Suite 900
Philadelphia, PA 19106

T: (215) 985-3270
E: jkenney@hausfeld.com

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: Letter Motion for Extension of Time to File Amended Consolidated Complaints, *In re Concrete and Cement Additives Antitrust Litig.,* No. 24-md-3097 (LJL) (S.D.N.Y.)

Dear Judge Liman,

We write on behalf of the Direct Purchaser Plaintiffs and the Indirect Purchaser Plaintiffs ("Plaintiffs") pursuant to Paragraph 1.D of Your Honor's Individual Rules of Practice to respectfully request an extension of time for Plaintiffs to file their respective amended Consolidated Class Action Complaints. The Court granted Defendants' motions to dismiss on June 25 with leave to amend within thirty days. *See* ECF No. 300. Thus, Plaintiffs' Amended Complaints are currently due on July 25, 2025.

On July 11, 2025, Plaintiffs executed a binding term sheet with a Defendant family, that once reduced to formal settlement agreements and if approved by the Court, would fully and finally resolve this matter as to the Settling Defendants ("Term Sheet").[1] The Term Sheet provides for cooperation and cash payments to both DPPs and IPPs. Most of that cooperation will be provided by the Settling Defendants to Plaintiffs after preliminary approval of the settlements.

Plaintiffs anticipate being able to finalize their respective Settlement Agreements and move for preliminary approval by no later than Friday, August 15, 2025 (thirty-five days from July 11). In order to provide sufficient time for the Court to consider and review Plaintiffs' forthcoming motions for preliminary approval, and for Plaintiffs to receive, process, and incorporate the information they receive from the Settling Defendants into their Amended Complaints, Plaintiffs respectfully request that the Court extend the deadline for filing Amended Complaints to forty-five days after the Court's grant of preliminary approval.[2]

Counsel for Plaintiffs have conferred with counsel for the non-settling Defendants, and they

---

[1] Counsel for the Settling Defendants has requested that the Settling Defendants not be identified until the motions for preliminary approval are filed. However, counsel for the Settling Defendants has informed counsel for Plaintiffs that they have no objection to counsel for Plaintiffs identifying the Settling Defendants in an *ex parte* submission to the Court.

[2] Because the Court's dismissal was without prejudice, Plaintiffs believe that the Court has retained jurisdiction to resolve the Plaintiffs' forthcoming motions for preliminary approval. However, to the extent the Court believes it is necessary for there to be a live pleading to rule on Plaintiffs' forthcoming motions for preliminary approval, Plaintiffs respectfully submit that the Court could reinstate Plaintiffs' earlier complaints as to the Settling Defendants solely for purposes of effectuating the Settlement Agreements.

hausfeld.com

**AMSTERDAM** | **BERLIN** | **BOSTON** | **DÜSSELDORF** | **HAMBURG** | **LONDON** | **NEW YORK** | **PHILADELPHIA** | **SAN FRANCISCO** | **STOCKHOLM** | **WASHINGTON, DC**

**HAUSFELD**

oppose Plaintiffs' request on the basis that they "do not believe that plaintiffs have stated good cause for an amendment or explained how any supposed cooperation would change that" and that they "oppose any open-ended filing date for an amended complaint." The settling Defendants take no position on this letter motion.

Plaintiffs respond that cooperation of settling defendants in an antitrust case is typically used to strengthen amended pleadings, and Plaintiffs have no reason to believe this case will be any different. Moreover, good cause exists because the Court granted Plaintiffs leave to amend, and if an extension is not granted, Plaintiffs will likely seek to amend again after preliminary approval. This would be highly inefficient for both the Court and the parties. As to non-settling Defendants' view that Plaintiffs are requesting an "open-ended extension," Plaintiffs' respectfully disagree and submit that a deadline of 45 days after the Court's decision on the motion for preliminary approval is not "open-ended."

Plaintiffs have not previously sought an extension for any pleading or motion in this action. The Parties have no scheduled appearances before the Court.

Sincerely,

*/s/ Robert N. Kaplan*
Robert N. Kaplan
**KAPLAN FOX & KILSHEIMER, LLP**
800 Third Avenue, 38th Floor
New York, NY 10022
Tel: (212) 687-1980
rkaplan@kaplanfox.com

Michael J. Flannery
**CUNEO GILBERT & LADUCA, LLP**
Two City Place Drive, Suite 200
St. Louis, MO 63141
Tel: (314) 226-1015
mflannery@cuneolaw.com

Heidi M. Silton
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Tel: (612) 339-6900
hmsilton@locklaw.com

*Interim Co-Lead Counsel for the
Proposed Indirect Purchaser Classes*

*/s/ Jeannine Kenney*
Jeannine Kenney
**HAUSFELD LLP**
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
Tel: (215) 985-3270
Fax: (215) 985-3271
jkenney@hausfeld.com

*Interim Lead Class Counsel for
the Direct Purchaser Class*

2