July 21, 2025

**VIA ECF**

Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15C
New York, NY 10007

Re: *In re: Concrete and Cement Additives Antitrust Litig.*, No. 24-md-3097 (LJL)

Dear Judge Liman:

  We write on behalf of the non-settling Defendants[1] in opposition to Plaintiffs' request to extend the court-ordered deadline to face their Complaints' defects.  On June 25, 2025, the Court dismissed Plaintiffs' more than 100-page Complaints, concluding that "[a] holistic view of Plaintiffs' allegations" fails to plausibly establish "that Defendants entered into an agreement to fix the prices of CCAs."  ECF No. 300 at 47.  While the Court could have dismissed the Complaints with prejudice at the time (*see* ECF No. 224 at 32), it gave Plaintiffs 30 days to amend.  ECF No. 300 at 50.

  This is not the first time Plaintiffs have sought even more time to amend their Complaints.[2] Last time, faced with strong motions to dismiss, Plaintiffs asked the Court to extend their response until they could get discovery that they could use to enhance their Complaints.  ECF No. 254.  The Court denied Plaintiffs' discovery-first, plead-later approach.  ECF No. 257.  Now, a week before the deadline to file amended complaints, Plaintiffs ask again for more time to develop their claims before facing motions to dismiss.  The Court should deny this similar request as well.

  Plaintiffs have not shown "good cause" to amend their deadline.  *See* Fed. R. Civ. P. 6(b)(1) (courts may "extend the time" in which "an act may or must be done" only "for good cause").  Their sole justification for an extension is the "efficiency" of skipping the upcoming deadline to file an amended complaint so that they can review and potentially incorporate information they *may* receive—at some undetermined time in the future—from one set of settling Defendants.  But skipping that step is neither efficient nor good cause, especially more than a year-and-a-half after originally filing suit.

  Most fatal to Plaintiffs' request, they offer ***nothing*** to suggest the information they may receive from the settling Defendants might actually address the deficiencies in their claims.  Their

---

[1] As used herein, the "non-settling Defendants" are BASF Corporation, Cinven, Inc., Cinven Ltd., Emme Esse Vi S.r.l., Mapei Corporation, Mapei S.p.A., Master Builders Solutions Admixtures US, LLC, Master Builders Solutions Deutschland GmbH, RPM International Inc., Sika AG, Sika Corporation, and The Euclid Chemical Company.  BASF SE, which was served only with the Direct Purchaser Plaintiffs' Complaint and also has not settled, respectfully maintains that the Court lacks jurisdiction over it with respect to those proceedings.  *See* ECF No. 298.

[2] Plaintiffs represent to the Court that they "have not previously sought an extension for any pleading or motion in this action."  ECF No. 304 at 2.  That is wrong.  *See* ECF No. 254 (Plaintiffs' motion for extension of time to respond to Defendants' motions to dismiss); ECF No. 257 (Court's order denying Plaintiffs' motion for extension of time).

letter does not say—even at the most generalized level—*what* type of cooperation they expect, *how* they believe that any information could fix gaps in their allegations, *who* among the Defendants they believe the cooperation material relates to, or even *which* claims they reasonably believe such materials will enhance. Nor do Plaintiffs represent they have a reasonable basis to believe materials from the settling Defendants can remedy any of their Complaints' flaws. Instead, Plaintiffs carefully resort to generalities—information from "settling defendants in an antitrust case is *typically* used to strengthen amended pleadings" and "Plaintiffs have no reason to believe this case will be any different." ECF No. 304 at 2 (emphasis added). Their hope that they can find *something* to cure their Complaints' deficiencies through *whatever*—entirely undefined[3]—cooperation they obtain does not establish good cause. Thus, any claim that it will be more efficient for the Court or the parties to delay the deadline until Plaintiffs review this undescribed material is completely unsupported.

As the Court noted last time, when Plaintiffs wanted discovery to bolster their claims, there was no assurance that future information would materially enhance their claims: "neither the discovery itself, nor the materiality of the documents is assured. There is no guarantee that the discovery, if obtained, would present new and relevant information of such a magnitude that the factual record would materially differ…" ECF No. 257 at 2. This is equally—if not more—true here. Plaintiffs have articulated no basis to suggest whatever undefined cooperation (whether it is documents or data or interviews or something else) that they get from one set of settling Defendants would have any relevant, actionable information about the *remaining* Defendants. That is particularly a concern where, as here, Plaintiffs' Complaints had almost no allegations pled as to some Defendants, there are corporate form or jurisdictional barriers that cannot be overcome as to others, and there are legal infirmities that preclude stating a claim as to all Defendants. In short, there is no basis to deprive non-settling Defendants the right to respond now to an amended complaint when there is no basis to assume, let alone believe, that the purported cooperation materials will be meaningful as to all claims against all non-settling Defendants.

Just like the last time, there is nothing prejudicial or inefficient about requiring Plaintiffs to follow "the ordinary course of litigation." ECF No. 257 at 3. Rule 15 already provides a solution if and when Plaintiffs can satisfy the standard for leave to amend their Complaints.

\*     \*     \*

At bottom, Plaintiffs are asking the Court to enter a lengthy extension of a Court-ordered deadline based entirely upon the potential future receipt of undescribed information against

---

[3] Plaintiffs offer **no** details as to what "cooperation" entails. Even though Plaintiffs have already executed a binding term sheet that presumably details the cooperation requirements, they make no assertions as to *how* much cooperation, *what* type of cooperation, against *which* Defendants, or anything. The mere fact that one set of settling Defendants has agreed to cooperate in some undisclosed capacity is insufficient to show good cause.

Honorable Lewis J. Liman
July 21, 2025
Page 3

Defendants they fail to identify.  Plaintiffs have not shown good cause for the extension they seek here.  Respectfully, their request should be denied.[4]

| | |
|---|---|
| July 21, 2025 | Respectfully submitted, |
| */s/ Mark G. Weiss* | */s/ Daniel E. Laytin* |
| **BAKER MCKENZIE LLP** | **KIRKLAND & ELLIS LLP** |
| Mark G. Weiss (*pro hac vice*) | Daniel E. Laytin (*pro hac vice*) |
| Ashley B. Eickhof (*pro hac vice*) | Christa C. Cottrell (*pro hac vice*) |
| 815 Connecticut Avenue NW | Anne I. Salomon (*pro hac vice*) |
| Washington, DC 20006 | 333 West Wolf Point Plaza |
| Telephone: (202) 452-7000 | Chicago, IL 60654 |
| Facsimile: (202) 416-7074 | Telephone: (312) 862-2000 |
| mark.weiss@bakermckenzie.com | Facsimile: (312) 862-2200 |
| ashley.eickhof@bakermckenzie.com | dlaytin@kirkland.com |
| | ccottrell@kirkland.com |
| Jeffrey D. Martino (*pro hac vice*) | anne.salomon@kirkland.com |
| 452 Fifth Avenue | |
| New York, New York 10018 | |
| Telephone: (212) 626-4100 | |
| Facsimile: (212) 310-1600 | |
| jeffrey.martino@bakermckenzie.com | |
| | |
| *Counsel for Defendant Sika Corporation and Sika AG* | *Counsel for Defendants Cinven Ltd., Cinven, Inc., Master Builders Solutions Admixtures US, LLC, and Master Builders Solutions Deutschland GmbH* |

---

[4] Because the parties' case management order has no briefing schedule for further amended complaints, Defendants will work in good faith with Plaintiffs to attempt to agree on one.

| | |
|---|---|
| */s/ Andrew S. Marovitz* | */s/ Abram Ellis* |
| **MAYER BROWN LLP** | **SIMPSON THACHER & BARTLETT LLP** |
| Andrew S. Marovitz (*pro hac vice*) | Abram Ellis |
| 71 South Wacker Drive | 900 G Street, NW |
| Chicago, IL 60606 | Washington, DC 20001 |
| Telephone: (312) 782-0600 | Telephone: (202) 636-5579 |
| amarovitz@mayerbrown.com | Aellis@stblaw.com |
| | |
| Rachel J. Lamorte | Peter Guryan |
| 1999 K Street, NW | 425 Lexington Avenue |
| Washington, DC 20006 | New York, NY 10017 |
| Telephone: (202) 263-3262 | Telephone: (212) 455-2000 |
| rlamorte@mayerbrown.com | Peter.Guryan@stblaw.com |
| | |
| *Counsel for Defendant BASF Corporation in All Actions and Counsel for Defendant BASF SE in the Direct Purchaser Plaintiff Action, without waiving BASF SE's challenge to the exercise of personal jurisdiction* | *Counsel for Defendants RPM International Inc. and The Euclid Chemical Company* |
| | |
| | */s/ Shylah R. Alfonso* |
| | **PERKINS COIE LLP** |
| | Shylah R. Alfonso (*pro hac vice*) |
| | 1201 Third Avenue, Suite 4900 |
| | Seattle, WA 98101 |
| | Telephone: (206) 359-8000 |
| | Facsimile: (206) 359-9000 |
| | salfonso@perkinscoie.com |
| | |
| | Shari A. Brandt |
| | 1155 Av. Of the Americas 22nd Floor |
| | New York, NY 10036 |
| | Telephone: (212) 262-6900 |
| | Facsimile: (212) 977-1649 |
| | Sbrandt@perkinscoie.com |
| | |
| | *Counsel for Defendants Mapei Corporation, Emme Esse VI S.r.L, and Mapei S.p.A.* |