# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: CONCRETE AND CEMENT ADDITIVES ANTITRUST LITIGATION<br><br>*This Document Relates to:*<br>*All Direct Purchaser Plaintiff Actions.*<br><br>1:24-cv-3056-LJL<br>1:24-cv-3033-LJL<br>1:24-cv-3045-LJL<br>1:24-cv-3246-LJL<br>1:24-cv-3236-LJL<br>1:24-cv-3806-LJL | Case No. 24-MD-3097 (LJL) |

## ORDER PRELIMINARILY APPROVING THE DIRECT PURCHASER PLAINTIFFS' SETTLEMENT WITH SAINT-GOBAIN AND CERTIFYING THE DIRECT PURCHASER SETTLEMENT CLASS

Upon review and consideration of the Settlement Agreement executed on August 10, 2025 ("Settlement"), by and between Direct Purchaser Plaintiffs M&D Peterson, LLC, Keystone Concrete Block & Supply Co. Inc., 570 Concrete, LLC, H&S Redi-Mix, Inc., J&L Imperium Industries, LLC, and Benevento Concrete Corp. (collectively, "DPPs"), individually and on behalf of each member of the proposed direct purchaser Settlement Class, through the undersigned Interim Lead Class Counsel for the Direct Purchaser Class ("Hausfeld"), and Defendants Compagnie de Saint-Gobain, S.A., Saint-Gobain Corporation, Chryso S.A.S., Chryso, Inc., and GCP Applied Technologies, Inc. (collectively, "Saint-Gobain"), along with DPPs' Motion for Preliminary Approval of the Settlement with Saint-Gobain and Certification of the Proposed Settlement Class (the "Motion") and the accompanying Memorandum of Law and Declaration of Nathaniel C. Giddings, **IT IS HEREBY ORDERED** that DPPs' Motion is **GRANTED** as follows:

1

1.	All capitalized terms used in this Order shall have the same meanings ascribed in the Settlement, unless otherwise noted or defined herein.

## I. PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT

2.	The Court hereby preliminarily approves the Settlement as being fair, reasonable, and adequate as to the Settlement Class, subject to further consideration at the final approval hearing, which will be held at a later date to be scheduled after DPPs submit their proposed Notice Plan and proposed Plan of Allocation, as provided herein and in the Settlement.

## II. PRELIMINARY CERTIFICATION OF THE PROPOSED SETTLEMENT CLASS

3.	Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for purposes of the Settlement, the Court hereby certifies a direct purchaser Settlement Class defined as follows:

> All persons and entities in the United States and its territories who purchased CCAs directly from any of the Defendants or their subsidiaries, predecessors, affiliates, and/or agents during the period beginning no later than January 1, 2017, until Preliminary Approval of this Settlement Agreement.

4.	Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries, affiliates, officers, directors, employees, assigns, successors, agents, and co-conspirators, and the Court and its staff.

5.	Solely for purposes of the Settlement, the Court preliminarily finds that the requirements of Rules 23(a) and (b)(3) are satisfied as follows: (a) the members of the Settlement Class are so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the named DPPs' claims are typical of the claims of the Settlement Class; (d) the named DPPs and Hausfeld will fairly and adequately represent and protect the interests of the Settlement Class; (e) common questions predominate over any questions affecting only individual members; and (f) a class action is superior to other available methods for fairly and efficiently adjudicating the controversy based on the factors listed in Rule 23(b)(3).

**III.     APPOINTMENT OF DPPS AS SETTLEMENT CLASS REPRESENTATIVES AND HAUSFELD LLP AS SETTLEMENT CLASS COUNSEL**

6.     Pursuant to Rule 23 and solely for purposes of this Settlement, the Court hereby appoints the named DPPs as Class Representatives for the direct purchaser Settlement Class.

7.     Pursuant to Rule 23 and solely for purposes of this Settlement, the Court hereby appoints Hausfeld as Settlement Class Counsel.

**IV.     ESTABLISHMENT OF ESCROW ACCOUNT, AND APPOINTMENT OF ESCROW AGENT AND SETTLEMENT ADMINISTRATOR**

8.     The Court approves the establishment of the Escrow Account as a Qualified Settlement Fund ("QSF") pursuant to Internal Revenue Code § 468B and the Treasury Regulations promulgated thereunder and retains continuing jurisdiction as to any issues that may arise in connection with the formulation or administration of the QSF. All funds held by the Escrow Agent shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Settlement and/or further order of the Court.

9.     The Court approves of DPPs' designation of Huntington Bank as Escrow Agent. Absent further order of the Court, the Escrow Agent shall establish the Escrow Account at Huntington Bank and shall have such duties and responsibilities as are set forth in the Settlement.

10.    The Court approves of DPPs' designation of JND Legal Administration as Settlement Administrator. Absent further order of the Court, the Settlement Administrator shall have such duties and responsibilities as are set forth in the Settlement.

**V.     DEFERRAL OF NOTICE, DISTRIBUTION, AND FINAL APPROVAL HEARING**

11.    The Court agrees with DPPs that consideration and approval of their forthcoming proposed Notice Plan, proposed Plan of Allocation, and any request(s) for attorneys' fees, expenses, and/or Service Awards should be deferred until a later date, such as after DPPs reach, and the Court preliminarily approves, (an) additional settlement(s) in the Action.

12. Consistent with the preceding paragraph, the Court directs Hausfeld, in consultation with counsel for Saint-Gobain, to notify the Court at such time as they deem it appropriate for the Court to consider and review the proposed Notice Plan, the proposed Plan of Allocation, and any request(s) for attorneys' fees, expenses, and/or Service Awards and, at such time, to submit to the Court such proposals, requests, and such other matters as are necessary or appropriate in advance of the final approval hearing, including a proposed date for that hearing.

## VI.   OTHER PROVISIONS

13. All reasonable costs and expenses incurred in notifying potential members of the Settlement Class and administering the Settlement Fund shall be paid from the Settlement Fund, as set forth in Paragraph 2(d) of the Settlement, up to the sum of $200,000 (two hundred thousand dollars). If the costs of notice and administration exceed this amount, DPPs and Saint-Gobain shall meet and confer in good faith regarding the need for payment of such additional costs from the Settlement Fund.

14. In the event the Court does not finally approve the Settlement, or the Settlement otherwise fails to become effective for any reason, neither DPPs nor Hausfeld shall have any obligation to repay any amounts paid or incurred pursuant to Paragraph 2(d) of the Settlement.

15. Except as expressly provided in the Settlement, Saint-Gobain shall have no responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, allocation, or administration of the Settlement Fund or the funds in the Escrow Account; the payment or withholding of Taxes; or any losses incurred in connection therewith.

16. Any member of the Settlement Class may enter an appearance in the Action, at their own expense, individually or through counsel of their choice. Any Settlement Class Member who does not enter an appearance in the Action shall continue to be represented by Hausfeld.

17. All members of the Settlement Class shall be bound by all determinations and judgments made by the Court in the Action concerning the Settlement.

18. Saint-Gobain has denied any liability or wrongdoing in connection with the allegations in the Action. As such, nothing in this Order, the Settlement, or any of the negotiations or proceedings connected with the Settlement shall be construed as an admission or concession by Saint-Gobain as to the merits of the allegations made in the Action, the validity of any defenses that could be or have been asserted, or the appropriateness of certification of any class other than the Settlement Class certified herein solely for purposes of the Settlement.

19. If the Settlement is rescinded, is not finally approved by the Court, or otherwise fails to become effective for any reason whatsoever, DPPs and Saint-Gobain shall be deemed to have reverted to their respective positions in the Action as of the Execution Date and, except as otherwise expressly provided in the Settlement, the Parties shall proceed in all respects as if the Settlement and any related orders had not been entered, and the Settlement and this Order shall be null and void, of no further force or effect, and without prejudice to the Parties, and may not be introduced as evidence or referred to in the Action or in any actions or proceedings.

**IT IS SO ORDERED.**

DATED: August 27, 2025

_____
THE HONORABLE LEWIS J. LIMAN