UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: CONCRETE AND CEMENT ADDITIVES ANTITRUST LITIGATION <br><br> This document relates to: <br> *Indirect Purchaser Plaintiff Actions* | Case No. 1:24-md-03097-LJL <br><br> **ORDER** |

    THIS CAUSE came before the Court on the Indirect Purchaser Plaintiffs' Motion (Unopposed by the Saint-Gobain Defendants) for Preliminary Approval of Settlement with Defendants Compagnie de Saint-Gobain, Saint-Gobain Corporation, Chryso S.A.S., Chryso, Inc. and GCP Applied Technologies, Inc. (collectively referred to here as the "Saint-Gobain Defendants") filed August 15, 2025.  Plaintiffs have entered into a Settlement Agreement with the Saint-Gobain Defendants, dated August 10, 2025.

    The Court, having reviewed the motion, its accompanying brief, declaration and exhibits, and the file, hereby:

**ORDERS AND ADJUDGES:**

1. Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreement.

<u>Preliminary Approval of Settlement Agreement</u>

2. The terms of the Settlement Agreement are hereby preliminarily approved, including the releases contained therein, as being fair, reasonable and adequate to the Settlement Classes subject to the Fairness Hearing described below.

3. The Court finds that the Settlement Agreement was entered into at arm's-length by highly experienced counsel and sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given as provided in this Order.

<u>Certification of Settlement Class for Settlement Purposes Only</u>

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and in light of the proposed Settlement, the Court hereby finds that the prerequisites for a class action have been met and certifies the following class for settlement purposes only (the "Settlement Class"):

    All contractors that purchased CCAs in the United States and its territories other than directly from Defendants or alleged co-conspirators for commercial use in the installment or repair of, and/or in other construction using concrete, cement, or mortar from at least January 1, 2017 until the date of Preliminary Approval of the Settlement Agreement. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries, affiliates, officers, directors, employees, assigns, successors, agents, and co-conspirators.

5. The Court finds the certification of the Settlement Class is warranted in light of the Settlement Agreement, because: (a) the Settlement Class is so numerous that joinder is impracticable; (b) Plaintiffs' claims present common issues and are typical of the Settlement Class; (c) Plaintiffs and Settlement Class Counsel (defined and appointed below) will fairly and adequately represent the Settlement Class; and (d) common issues predominate over any individual issues affecting members of the Settlement Class.

6. The Court further finds that Plaintiffs' interests are aligned with all other members of the Settlement Class.

7. The Court also finds settlement of this action on a class basis superior to other means of resolving this matter.

8. The Court hereby appoints Kaplan Fox & Kilsheimer LLP, Lockridge Grindal Nauen, PLLP, and Cuneo Gilbert & LaDuca, LLP as Settlement Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

9. Indirect Purchaser Plaintiffs ("IPPs") SMBA Construction, LLC, Charles W. Hughes Construction, LLC, Lucas Contracting, LLC, County-Wide Masonry Corp., Cal Prime, Inc., Lakewood Concrete Corp., Jon Tate Construction, LLC, Jon S. Garrett d/b/a Black River Masonry, Morgan Building Constructors, Sioux City Engineering Co., Covered Bridge Outdoor Construction Corporation, and Park Construction Co. will serve as Class Representatives on behalf of the Settlement Class.

<u>Notice to Potential Class Members</u>

10. At a later date, Settlement Class Counsel shall submit to the Court for approval a notice plan for purposes of advising Settlement Class Members, among other things, of their right to object to the Settlement Agreement, their right to exclude themselves from the Settlement Class, the procedure for submitting a request for exclusion, the time, date and location of the Fairness Hearing, and their right to appear at the Fairness Hearing.

<u>Settlement Administration</u>

11. To effectuate the Settlement Agreement and the notice provisions, the Court hereby approves Verita Global, LLC as Settlement Administrator, to be responsible for: (a) establishing a P.O. Box and website (to be included in the Notice of Settlement of Class

Action) for purposes of communicating with the Settlement Class Members; (b) disseminating notice to the Settlement Class, and (c) accepting and maintaining documents sent from the Settlement Class Members, including exclusion requests.

12. The Court approves Settlement Class Counsel's designation of Huntington National Bank as Escrow Agent.

## Other Provisions

13. In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided for in the Settlement Agreement, and without prejudice to the *status quo ante* rights of Plaintiffs, the Saint-Gobain Defendants, and the Settlement Class Members.

14. All reasonable costs and expenses incurred in notifying potential members of the Settlement Class and administering the Settlement Fund shall be paid from the Settlement Fund, as set forth in Paragraph 2(d) of the Settlement, up to the sum of $200,000 (two hundred thousand dollars). If the costs or notice and administration exceed this amount, DPPs and Saint-Gobain shall meet and confer in good faith regarding the need for payment of such additional costs from the Settlement Fund.

15. In the event the Court does not finally approve the Settlement, or the Settlement otherwise fails to become effective for any reason, neither IPPs nor Settlement Class Counsel shall have any obligation to repay any amounts paid or incurred pursuant to Paragraph 2(d) of the Settlement Agreement.

16. Nothing in this Order shall prevent IPPs from naming any of the Saint-Gobain entities as Defendants in their Amended Complaint.

17. Saint-Gobain has denied any liability or wrongdoing in connection with the allegations in the Action. As such, nothing in this Order, the Settlement, or any of the negotiations or proceedings connected with the Settlement shall be construed as an admission or concession by Saint-Gobain as to the merits of the allegations made in the Action, the validity of any defenses that could be or have been asserted, or the appropriateness of certification of any class other than the Settlement Class certified herein solely for purposes of the Settlement.

18. If the Settlement is rescinded or fails to become effective for any reason whatsoever, DPPs and Saint-Gobain shall be deemed to have reverted to their respective positions in the Action as of the Execution Date and, except as otherwise expressly provided in the Settlement, the Parties shall proceed in all respects as if the Settlement and any related orders had not been entered, and the Settlement and this Order shall be null and void, of no further force or effect, and without prejudice to the Parties, and may not be introduced as evidence or referred to in the Action or in any actions or proceedings.

19. The Court's certification of the Settlement Class as provided herein is without prejudice to, or waiver of the rights of any defendant to contest certification of any other class proposed in these coordinated actions. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions, whether for settlement or litigation, and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or classes.

**IT IS SO ORDERED:**

Dated:   August 27, 2025

_____
Lewis J. Liman, U.S.D.J.